743 F.2d 1321
 ESCONDIDO MUTUAL WATER COMPANY, et al., Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
San Pasqual Band of Mission Indians, et al., Intervenors.
SAN PASQUAL, LA JOLLA, RINCON, PAUMA AND PALA BANDS OF
MISSION INDIANS, Petitioners,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Escondido Mutual Water Company, et al., Intervenors.
The SECRETARY OF the INTERIOR, etc., Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Escondido Mutual Water Company, et al., Intervenors.
 Nos. 79-7625, 80-7012 and 80-7110.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Sept. 25, 1984.
Decided Sept. 26, 1984.
 
 Paul D. Engstrand, Leroy A. Wright, San Diego, Cal., James C. Kilbourne, Washington, D.C., Robert S. Pelcyger, Boulder, Colo., argued, for petitioners; Jennings, Engstrand & Henrikson, Glenn, Wright, Jacobs & Schell, San Diego, Cal., C. Emerson Duncan, II, Duncan, Allen & Mitchell, Washington, D.C., on brief, for Escondido; Fredericks & Pelcyger, Boulder, Colo., on brief, for San Pasqual, etc.
 Joseph S. Davies, Jr., Joshua Rokach, FERC, Washington, D.C., argued, for respondent; John A. Cameron, Acting Asst. Sol., Kristina Nygaard, FERC, Washington, D.C., on brief.
 Before ANDERSON, FERGUSON and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to the mandate of the Supreme Court in Escondido Mutual Water Co. v. La Jolla Band of Mission Indians, --- U.S. ----, 104 S.Ct. 2105, 80 L.Ed.2d 753 (1984), the decision of the Federal Energy Regulatory Commission to grant a license in these proceedings is reversed.
 
 
 2
 The entire case is remanded to the Commission for further proceedings in accordance with the decision of the Supreme Court.
 
 
 3
 As the result of the prior proceedings, issues remain that were not addressed by this court, 692 F.2d 1223, or the Supreme Court. The Secretary of the Interior and the Bands have filed motions for supplemental briefing and oral argument on those issues.
 
 
 4
 On balance, the court has determined that the Commission be given the opportunity to process the license application in light of the recent interpretation of the Supreme Court setting forth some, but not all, of the rights and duties of the various parties.
 
 
 5
 We are persuaded by the position of the Commission that in the end it may not grant a license or the application may be withdrawn as the result of conditions which the Secretary is now authorized to direct.
 
 
 6
 Since further administrative proceedings may result in a very different outcome, the unresolved issues arising out of the prior proceedings do not present a concrete case or controversy for this court to resolve. See Atlantic Gas Light Co. v. Federal Commission, 476 F.2d 142 (5th Cir.1973).
 
 
 7
 In summary,
 
 
 8
 1. The decision of the Commission is reversed.
 
 
 9
 2. The entire case is remanded to the Commission.
 
 
 10
 3. The motions pertaining to unresolved issues are denied.